E-FILED
Monday, 04 June, 2012  02:31:17 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| **ANGELINA CIANFAGLIONE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 10-CV-02170** |
| **TERRY ROGERS, DEE BURGIN,** | ) | |
| **ROBERT WILSON, BEVERLY WEGER,** | ) | |
| **and EDGAR COUNTY, ILLINOIS** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION

This case is before the court for ruling on various pre-trial motions in limine filed by the parties. This court has carefully considered all of the arguments advanced by the parties. Following this careful and thorough review, this court rules as follows: (1) Defendants' First Motion in Limine (#38) is GRANTED in part, DENIED in part and RESERVED in part; (2) Plaintiff's First Motion in Limine (#40) is GRANTED; (3) Plaintiff's Second Motion in Limine (#41) is RESERVED; and (4) Defendants' Second Motion in Limine (#51) is GRANTED in part and RESERVED in part.

## BACKGROUND

On August 3, 2010, Plaintiff filed a Complaint (#1) against the Defendants. Plaintiff's Complaint (#1) contained three counts: (1) Count I alleged an illegal seizure of Plaintiff in violation of the Fourth Amendment by Defendants Burgin, Rogers and Wilson; (2) Count II alleged the use of excessive force by Defendants Burgin, Rogers and Wilson

1

against Plaintiff in violation of the Fourth Amendment; and (3) Count III alleges an illegal strip and body cavity search of Plaintiff in violation of the Fourth Amendment by Defendants Burgin, Rogers, Wilson and Weger.  On May 11, 2012, this court entered an Opinion (#37) granting, in part, Defendants' Motion for Summary Judgment (#21).  Specifically, this court granted summary judgment in favor of the Defendants on Count I and Count II of Plaintiff's Complaint (#1).  As a result, Plaintiff is proceeding to trial on Count III of her Complaint (#1) which alleges that Defendant Weger conducted an illegal strip search and body cavity search of the Plaintiff in violation of the Fourth Amendment at the direction of Defendants Rogers, Burgin and Wilson.  There are two key questions which will be the focus of the trial: (1) was there reasonable suspicion to conduct a strip search of the Plaintiff for contraband; and (2) if there was reasonable suspicion to conduct a strip search, was the scope of the search conducted by Defendant Weger at the Edgar County Jail unconstitutional.

## MOTIONS IN LIMINE

### I.  STANDARD

The "motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings."  Jonasson v. Lutheran Child & Family Servs., 115 F.3d 436, 440 (7th Cir. 1997).  "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials."  Luce v. United States, 469 U.S. 38, 41 n.4 (1984).  District courts have "broad discretion in ruling on evidentiary questions during trial or before on motions *in limine*."  Jenkins v. Chrysler Motors Corp., 316

F.3d 663, 664 (7th Cir. 2002).  A motion in limine "performs a gatekeeping function and permits the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose."  <u>Jonasson</u>, 115 F.3d at 440.  Therefore, the moving party bears the burden of establishing that the evidence is not admissible for any purpose.  <u>Mason v. City of Chicago</u>, 631 F. Supp. 2d 1052, 1056 (N.D. Ill. 2009).  Unless this high standard is met, rulings on evidentiary matters must be deferred until trial so that issues of foundation, relevance and prejudice may be resolved in the proper context.  <u>Mason</u>, 631 F. Supp. 2d at 1055-56; <u>Townsend v. Benya</u>, 287 F. Supp. 2d 868, 872 (N.D. Ill. 2003); <u>see also</u> <u>Jonasson</u>, 115 F.3d at 440.

## II.  DEFENDANTS' MOTIONS IN LIMINE

Defendants included 19 requests in their First Motion in Limine (#38) and one request in their Second Motion in Limine (#51).  Plaintiff filed a Response (#46) to Defendants' First Motion in Limine and a Response (#55) to Defendants' Second Motion in Limine.

### A. *Motions in Limine #1, #2 & #3*

In their First Motion (#38), Defendants first asked this court to bar Plaintiff from presenting any evidence, testimony, argument, reference, comment or innuendo regarding the Defendants' liability insurance or indemnification by Edgar County, Illinois ("Edgar County").  Defendants' next asked this court to bar all non-party witnesses from the courtroom except when called to provide testimony.  Defendants' third request is to bar any evidence or reference to citizen complaints involving Defendants.  In her Response, Plaintiff

3

concedes that these requests should be granted.  Therefore, Defendants' first, second and
third requests are GRANTED.

### B. *Motion in Limine #4*

Defendants' fourth request is to bar any evidence or reference to the standard of proof
in cases other than the standard in cases brought pursuant to 42 U.S.C. § 1983.  Plaintiff
argues that because this case involves police officers and suspicion of criminal activity, it
will be important to distinguish the burden of proof required in a criminal case from the
burden of proof required in this case.  This court will provide the jury with an instruction
explaining the distinction in burden of proof between a civil trial and a criminal trial.
Therefore, if Plaintiff's arguments relating to the burden of proof are consistent with this
court's instruction, such arguments would not be irrelevant or confuse the jury.  Accordingly,
Defendants' fourth request is DENIED.

### C. *Motion in Limine #5 & #6*

Defendants' fifth request is to bar any evidence or reference to settlement negotiations
or the lack thereof.  Defendants' sixth request is to bar any evidence or reference to facts
barred by this court.  In her Response, Plaintiff concedes that these requests should be
granted.  Therefore, Defendants' fifth and sixth requests are GRANTED.

### D. *Motion in Limine #7*

Defendants' seventh request is to bar any evidence or reference to the cause of
Plaintiff's alleged injuries.  First, Defendants argue that Plaintiff's treating physician,
Jennifer Hutson, was not disclosed as an expert witness and therefore should not be allowed

to testify as to the cause of Plaintiff's alleged injuries.  Plaintiff concedes this point and will

not call Jennifer Hutson as a witness.  Second, Defendants argue that Plaintiff should not be

able to personally testify regarding causation of her alleged injuries.  Plaintiff, in response,

argues that Plaintiff and other lay witnesses "should be able to offer opinions, based on

perceptions, to lay the groundwork for the jury to infer causation."  Initially, this court rules

that Plaintiff may testify about her own perception of her physical and mental health prior to,

during and after the incident.  See, e.g., Hendrickson v. Cooper, 589 F.3d 887, 893 (7th Cir.

2009).  However, no witness will be permitted to provide an opinion regarding the proximate

cause of Plaintiff's alleged injuries.  Rather, Plaintiff, as well as any other lay witness, may

only provide testimony rationally based on their own perceptions of Plaintiff's symptoms,

leaving it to the jury to infer whether or not the alleged incident proximately caused

Plaintiff's injuries.  Accordingly, Defendants' seventh request is GRANTED in part and

DENIED in part.

## E. *Motions in Limine #8, #9 & #10*

Defendants' eighth request is to bar any arguments or reference by Plaintiff's counsel

relating to Plaintiff's counsel's personal beliefs regarding the credibility of any witnesses or

the ultimate issues in the case.  Defendants' ninth request is to bar any evidence or reference

to any other incidents involving the use of excessive force, false arrests or unlawful searches

by law enforcement personnel.  Defendants' tenth request is to bar Plaintiff's counsel from

making any comments asking the jurors to put themselves in Plaintiff's position or to

imagine what it would have been like to experience Plaintiff's injuries.  In her Response,

Plaintiff concedes that these requests should be granted, however requests that these should be made reciprocal.  Therefore, Defendants' eight, ninth and tenth requests are GRANTED and apply to all parties.

F. *Motion in Limine #11*

Defendants' eleventh request is to bar any evidence or reference to the alleged recording of the strip search of Plaintiff on August 20, 2008.  Defendants argue that this is necessary because of a concern that Plaintiff might attempt to argue that there was a video recording of the incident in question and that Defendant intentionally deleted the recording.  Plaintiff concedes that she does not intend to argue any spoilation issue and explains that she is only going to offer evidence that Defendant Weger told Plaintiff to move over in the cell so that the camera would not tape the search.  Plaintiff explains that this is relevant to her perceived fear at the time of the search that she was being observed by other officers at the time of the search.  This court agrees with Plaintiff that the alleged statement by Defendant Weger is potentially relevant to Plaintiff's mental state and does not believe that evidence of this statement has a substantial danger of unfair prejudice.  However, the relevance of Defendant Weger's statement is narrow.[1]  Specifically, Plaintiff will not be allowed to offer evidence or arguments that there was a video recording of the strip search that: (1) was viewed by other officers, or (2) was destroyed in anticipation of this case.  Therefore, Defendants' eleventh request is GRANTED in part and DENIED in part.

G. *Motion in Limine #12*

---

[1]This alleged statement by Defendant Weger is admissible only for its relevance to Plaintiff's mental state.

6

Defendants' twelfth request is to bar any argument, reference or innuendo that sheriff's deputies or police officers maintain a "code of silence" to protect their fellow officers. Plaintiff responds that she should not be categorically denied the opportunity to explore the issue of possibility that the witnesses might be biased because of loyalty to one another. However, Plaintiff does not contest Defendants' assertion that any <u>generalized</u> evidence or reference to of a "code of silence" would be inappropriate in this case.[2] Therefore, Defendants' twelfth request is GRANTED. However, to the extent that Plaintiff focuses on the Defendants in this case and the particular incident at issue, Plaintiff is allowed to explore the possibility that the defense witnesses might be biased because of loyalty to each other.

## H. *Motion in Limine #13*

Defendants' thirteenth request is to bar any evidence or reference to the general orders or procedures of the Edgar County Sheriff's Department. Defendants cite <u>Thompson v. City of Chicago</u>, 472 F.3d 444, 454 (7th Cir. 2006) in support of this request. In <u>Thompson</u>, the Seventh Circuit explained that "the violation of police regulations or even a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established." <u>Id.</u> In this case, Plaintiff will be able to recover under 42 U.S.C. § 1983 if she can establish that she was strip searched without reasonable suspicion, or even if there was reasonable suspicion, that she was subjected to a body cavity search that involved

---

[2]It would be improper for Plaintiff's counsel to make unsubstantiated allegations, particularly in opening and closing statements, that a code of silence exists without adequate evidentiary support.

touching by Defendant Weger.  The Illinois statute cited by the Plaintiff—725 ILCS 5/103-1—requires certain procedures prior to conducting a strip search.  The procedures contained in the Illinois statute do not have any relation to reasonable suspicion, therefore, the statute is irrelevant to Plaintiff's constitutional claims.  Additionally, Plaintiff has expressed concern that barring her ability to discuss departmental procedures will allow the Defendants to suggest that Plaintiff was fleeing justice at the time that she was arrested in relation to a failure to appear at a court appearance.  Defendants will not be allowed to offer evidence that would create such an inference because the arrest itself is irrelevant to the remaining claims in this case.  Accordingly, based on the information before this court,[3] any reference to state law or the Edgar County Sheriff's Department police regulations is barred.  Defendants' thirteenth request is GRANTED.

## I. *Motion in Limine #14*

Defendants' fourteenth request is to bar any evidence or argument that the jury should "send a message" to Edgar County.  Plaintiff concedes that this request should be granted.  Additionally, Defendants requested that Edgar County be stricken from the caption of the case because no substantive claim has been brought against Edgar County in this case.  Because Plaintiff concedes that Edgar County is not responsible for the alleged violation of Plaintiff's rights in this case and that Edgar County is only being sued because Plaintiff

---

[3] Based on the presentation of this Motion in Limine to this court, the Edgar County Sheriff's Department police regulation which Plaintiff explained would be used is not relevant to the issues in this case, as discussed above.  If any regulation is relevant which this court has not been made aware of, this court will reconsider the applicability of this ruling to that particular regulation.

alleges that it is a necessary party, this court believes that reciting Edgar County as a Defendant will only serve to confuse the jury.  Accordingly, Defendants' fourteenth request is GRANTED.

## J. *Motion in Limine #15*

Defendants' fifteenth request is to bar any evidence or reference that any non-defendant deputies, Edgar County employees, City of Paris police officers or other employees, or State of Illinois employees engaged in misconduct.  Plaintiff objects on the basis that she believes the request is so broad that it might prevent her from presenting an adequate factual background to the relevant issues in this case.  Despite Plaintiff's misgivings, this request will not prevent Plaintiff from presenting evidence regarding any action by individuals who were involved in the events in question on August 20, 2008. Rather, this request is appropriate because any alleged misconduct that is not relevant to the narrow issue in this case will not be allowed.  Accordingly, Defendants' fifteenth request is GRANTED.

## K. *Motions in Limine #16 & 17*

Defendants' sixteenth request is to bar any evidence or reference to the training of deputies, employees or police officers by Edgar County or the City of Paris.  Defendants' seventeenth request is to bar any evidence or reference to Defendants' counsel's relationship with Edgar County.  In her Response, Plaintiff concedes that these requests should be granted.  Therefore, Defendants' sixteenth and seventeenth requests are GRANTED.

## L. *Motion in Limine #18*

9

Defendants' eighteenth request is to bar any reference to Defendants' decision not to call certain witnesses. Defendant explains that this request is necessary because of a concern that Plaintiff will attempt to explain to the jury that Defendant should have called additional witnesses in defense of the case. Plaintiff opposes this request largely on the basis that she believes that former Assistant State's Attorney Allen Bell will not be available and Defendants' testimony regarding Bell's statements to Defendants on the day in question will be relevant to the remaining issues in this case. Because the remaining issues in this case do not relate to whether or not there was a valid warrant for Plaintiff's arrest, this court does not believe that any testimony regarding Bell will be relevant. Therefore, Defendants' eighteenth request is GRANTED.

M. *Motion in Limine #19*

Defendants' nineteenth request is to bar Plaintiff's counsel from making an improper argumentative opening statement. In her Response, Plaintiff concedes that this request should be granted, however requests that this should be made reciprocal. Therefore, Defendants' nineteenth request is GRANTED and applies equally to Defendants' counsel.

N. *Motion in Limine #20*

Defendants' final request is that this court bar any evidence or argument that the stop and arrest of Plaintiff was improper or illegal. Plaintiff responds by explaining that she has no intention of arguing that the stop and arrest were improper or illegal, but that the broad language of Defendants' request should be denied. As a reminder to counsel, the only remaining issues in this case are: (1) whether there was reasonable suspicion to conduct a

strip search of the Plaintiff for contraband; and (2) if there was reasonable suspicion to

conduct a strip search, was the scope of the search conducted by Defendant Weger at the

Edgar County Jail unconstitutional.  Although this court believes that a very general time line

of events leading up to the alleged alert by the narcotic detector canine at Plaintiff's vehicle

might be necessary, the majority of facts preceding this point in time are irrelevant to

Plaintiff's remaining claims.  Accordingly, any argument that the stop and arrest of Plaintiff

was improper or illegal is barred.[4]  Defendants' final request is GRANTED.

### III.  PLAINTIFF'S MOTIONS IN LIMINE

#### A. *First Motion in Limine (#40)*

In her First Motion in Limine (#40), Plaintiff has asked this court to bar any evidence

of Plaintiff's criminal or traffic convictions, other criminal prosecutions of Plaintiff, evidence

of bad acts allegedly done by Plaintiff, evidence as to domestic disturbance calls related to

Plaintiff, any evidence in relation to any Orders of Protection in which Plaintiff was a party,

and any evidence that Plaintiff ever went to jail in any case or incident unrelated to this case.

Plaintiff argued that this evidence is not admissible under Rule 404(b) of the Federal Rules of

Evidence because it would not be relevant for any proper purpose.  Plaintiff also argued that

her prior criminal convictions were misdemeanors and are not admissible for impeachment

purposes under Rule 609 of the Federal Rules of Evidence.  Plaintiff stated that she has a

prior misdemeanor conviction for battery which is more than 10 years old and a prior

misdemeanor conviction for possession of cannabis which is more than 9 years and 9 months

---

[4]This court will determine at trial the relevance of any other evidence relating to
Plaintiff's stop and arrest.

old.  Plaintiff further argued that evidence that she filed any Orders of Protection against a former boyfriend is not admissible because this evidence is not relevant to any issues in this case and was resolved in favor of Plaintiff and against the boyfriend.

In their Response (#47), Defendants did not address Plaintiff's argument that evidence regarding any Orders of Protection is not admissible.  This court agrees with Plaintiff that this is obviously the case and that portion of Plaintiff's First Motion in Limine is GRANTED.

As far as Plaintiff's request to bar evidence of her history of traffic and misdemeanor convictions, Defendants argue that this court should reserve ruling because Plaintiff could open the door by introducing evidence that she does not have a criminal history.  Defendants also argued that evidence of Plaintiff's criminal history may be admissible to show bias or hostility on behalf of Plaintiff.  This court is not persuaded by Defendants' arguments. Plaintiff's traffic and misdemeanor convictions are clearly not admissible for impeachment purposes under Rule 609 of the Federal Rules of Evidence.  This court further concludes that it would be a stretch to find that this evidence could be relevant to show bias or hostility.

Defendants have also argued that evidence of Plaintiff's prior arrests and convictions is relevant to the issue of emotional damages.  Defendants argue that several district courts in Illinois have ruled that prior arrests are relevant and admissible to undermine claims of emotional distress.  This court finds this argument unpersuasive.  In Gribben v. City of Summit, 2010 WL 2928094 (N.D. Ill. 2010), the district court did hold that evidence of the plaintiff's prior arrests and convictions was relevant for the limited purpose of undermining

his claim of intentional infliction of emotional distress.  <u>Gribben</u>, 2010 WL 2928094, at *3.

However, in <u>Gribben</u>, the plaintiff had been arrested no fewer than 19 times, and his rap sheet

included a drug conviction.  <u>Gribben</u>, 2010 WL 2928094, at *3.  The court therefore stated

that "if presented with evidence that Mr. Gribben had been arrested and incarcerated

numerous times in the past, the jury could conclude that Mr. Gribben would not have been as

emotionally traumatized by the arrest on January 6, 2007 as he claims to have been."

<u>Gribben</u>, 2010 WL 2928094, at *4.  This court concludes that this case is not similar to

<u>Gribben</u> because Defendants have not argued or shown that Plaintiff has a large number of

prior arrests.

Defendants have also relied on <u>Redmond v. City of Chicago</u>, 2008 WL 539164 (N.D.

Ill. 2008).  In <u>Redmond</u>, the court allowed the defense to offer evidence of prior–and

subsequent–arrests, finding this evidence relevant to determine how much distress the

plaintiff suffered on the date of the arrest at issue.  <u>Redmond</u>, 2008 WL 539164, at *2.  The

opinion in <u>Redmond</u> does not disclose the number of such arrests or their nature.  <u>Redmond</u>,

2008 WL 539164, at *1-2. This case is more similar to <u>Redmond</u> because Defendants have

not provided any information about the number of Plaintiff's prior arrests.  However, this

court agrees with the district court in <u>Zitzka v. Vill. of Westmont</u>, 2011 WL 4738249, at *3

(N.D. Ill. 2011), that "[t]o the extent that <u>Redmond</u> stands for the proposition that a plaintiff's

prior arrest or conviction record is relevant any time the plaintiff in a subsequent case seeks

compensatory damages for alleged police misconduct, we do not find that proposition

persuasive and thus respectfully decline to adopt it."

More importantly, the claim remaining in this case relates to the strip search Plaintiff was subjected to, not her arrest.  Therefore, Plaintiff's claim of emotional distress in this case is based upon the strip search and not the fact that she was arrested.  This court concludes that the decision in <u>Shelby Indus. Park, Inc. v. City of Shelbyville, Ind.,</u> 2011 WL 3490061 (S.D. Ind. 2011) is instructive.  In <u>Shelby,</u> the defendants argued that criminal history evidence was admissible because it was intertwined with the plaintiffs' damages claim, contending that if this was not the plaintiffs' "first rodeo with the police, the jury should be allowed to consider that fact."  <u>Shelby,</u> 2011 WL 3490061, at *1.  The district court noted, however, that the centerpiece of the plaintiffs' damages argument was that they suffered mental distress and trauma stemming from the police officer's use of a machine gun to hold them in the shop.  <u>Shelby,</u> 2011 WL 3490061, at *1.  The court  concluded that the plaintiffs' trauma-related damages stemmed from being held a gunpoint with a machine gun, not from getting arrested.  <u>Shelby,</u> 2011 WL 3490061, at *2.  Therefore, the court found that the danger of unfair prejudice flowing from evidence of the plaintiffs' prior arrests and incarcerations substantially outweighed any probative value.  <u>Shelby,</u> 2011 WL 3490061, at *2.  This court concludes that the same result is warranted here.  In this case, the centerpiece of Plaintiff's damages argument is that she was subjected to an invasive strip search.  Evidence that Plaintiff was previously arrested can have no real relevance to this claim for damages and any minimal relevance is substantially outweighed by the danger of unfair prejudice.  <u>See Shelby,</u> 2011 WL 3490061, at *2.

Therefore, for all the reasons stated, Plaintiff's request to bar evidence of her history of traffic and misdemeanor convictions, other criminal prosecutions and other bad acts is GRANTED.  However, Plaintiff is strongly advised to avoid any testimony that she lacks a criminal history or that she has suffered emotional distress because of her arrest in order to prevent Defendants from arguing that she has opened the door to the admission of this evidence.

### B. *Second Motion in Limine (#41)*

In her Second Motion in Limine (#41), Plaintiff has requested that this court bar any evidence that Plaintiff was suspected of use, manufacture, possession, delivery or anything to do with methamphetamine, any evidence of convictions for methamphetamine by other persons associated with Plaintiff, such a friends or boyfriends, and any evidence that boyfriends or friends of Plaintiff were arrested for or suspected of use, manufacture, possession, delivery or anything to do with methamphetamine.  Plaintiff argued that this evidence is not relevant to the issues in the case and, even if relevant to show that Defendants suspected that Plaintiff had methamphetamine on the date of her arrest because of her associations or former associations with any other persons, this evidence is more prejudicial than probative and must be excluded under Rule 403 of the Federal Rules of Evidence.

In their Response (#48), Defendants argued that evidence that Plaintiff's friends or boyfriends had been convicted of a crime would be admissible for purposes of impeachment if these individuals were witnesses at trial.  Defendants also asked this court to reserve ruling

because Defendants have not determined if they plan to present evidence regarding these matters.

This court concludes that it does not have enough information to rule on this motion and agrees with Defendants that it should reserve ruling on Plaintiff's Second Motion in Limine (#41). This court notes that Defendants are correct that, if Plaintiff calls any of her friends and boyfriends as witnesses, they may be subject to impeachment with evidence of prior convictions, subject to Rule 609 of the Federal Rules of Evidence. This court further notes that Plaintiff is correct that the evidence sought to be excluded may be relevant to show that Defendants suspected that Plaintiff was in possession of methamphetamine on the date of her arrest and subsequent search. At this time, this court has little information regarding this evidence and therefore cannot make a determination regarding whether the probative value of this evidence is substantially outweighed by a danger of unfair prejudice. This court further notes that its ruling on Plaintiff's First Motion in Limine (#40) does not bar the introduction of the evidence sought to be excluded in Plaintiff's Second Motion in Limine (#41).

IT IS THEREFORE ORDERED THAT:

(1) Defendants' First Motion in Limine (#38) is GRANTED in part, DENIED in part and RESERVED in part;

(2) Plaintiff's First Motion in Limine (#40) is GRANTED;

(3) Plaintiff's Second Motion in Limine (#41) is RESERVED; and

(4) Defendants' Second Motion in Limine (#51) is GRANTED in part and RESERVED in part.

16

Entered this 4th day of June, 2012

s/MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE